UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-84 RSM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| v. | |
| VICTOR H. TAHIR, | |
| Defendant. | |

**A. Introduction**

On February 7, 2020, this Court sentenced Defendant to 36 months in custody, followed by 36 months of supervised release. Dkt. #35. Defendant's anticipated release date is October 23, 2021. Dkt. #45 at 2. Defendant has now filed a motion seeking, on the basis of compassionate release, a reduction of his sentence to time served and authorization to serve the remainder of his 36-month custodial sentence in a Residential Reentry Center. Dkt. #39. Defendant's request is premised on the effects of an unusual Washington State Department of Corrections detainer and on Defendant's mental and physical health. Dkts. #39, #40, and #50. Plaintiff, United States of America, opposes the motion and argues that Defendant is improperly asking the Court to reverse his Bureau of Prisons ("BOP") designation. Dkt. #45. Having considered the matter, the Court denies Defendant's motion.

ORDER – 1

**B. Legal Standard**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Congress expanded those limited circumstances in the First Step Act of 2018, now allowing prisoners to directly petition district courts for compassionate release after exhausting administrative remedies with BOP:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting First Step Act amendment).

The referenced Sentencing Commission policy statements specify that a district court should consider reduction of a sentence only where "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and should do so only "after considering the factors set forth in 18 U.S.C. § 3553(a)." United States Sentencing Guidelines ("USSG")

ORDER – 2

§ 1B1.13. The Sentencing Commission's application notes indicate that extraordinary and compelling reasons may be based on the medical condition of the defendant, the age of the defendant, the family circumstances of the defendant, or, as a catch-all, for reasons other than a defendant's medical condition, age, or family circumstances. USSG 1B1.13 cmt. n.1. The contents of the policy statement provide persuasive guidance but do not constrain the Court's discretion in determining whether extraordinary and compelling circumstances justify compassionate release. *United States v. Aruda*, 993 F.3d 797, 798 (9th Cir. 2021)

"Compassionate release is 'rare' and 'extraordinary,' and courts routinely deny" relief. *United States v. Dana*, 467 F. Supp. 3d 962, 968 (D. Or. 2020) (citation omitted). The defendant bears the burden of establishing circumstances justifying compassionate release. *Riley v. United States*, Case No. 19-cv-1522-JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020).

**C. Discussion[1]**

A primary dispute between the parties is whether Defendant must present a singularly compelling justification for compassionate release or whether he can rely on the "constellation" of circumstances to present a collectively extraordinary and compelling justification for compassionate release. *Compare* Dkt. #45 at 5–7 *with* Dkt. #50 at 2–5. However, the dispute is immaterial because, even considered as a whole, the Court does not find that Defendant's circumstances present extraordinary and compelling conditions justifying compassionate release. The Court certainly agrees that it has discretion to grant compassionate release but does not find the exercise of that power appropriate here.

The Court also begins by noting that Defendant's motion initially focused on BOP's refusal to consider Defendant for prerelease placement in a Residential Reentry Center because

---

[1] The parties do not dispute that Defendant has satisfied the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).

ORDER – 3

1   of a Washington State Department of Corrections detainer that has since been resolved. Dkt. #39

2   at 1, 5–8. However, after the detainer was resolved, BOP considered, and denied, Defendant for

3   prerelease placement. Dkt. #40 at 1; Dkt. #45 at 2. As such, the Court credits Plaintiff's argument

4   that Defendant seeks an impermissible review of a BOP designation. Dkt. #45 at 3–5.

5   Regardless, the Court finds that Defendant has not adequately presented evidence supporting

6   discretionary relief that *may* effectively override BOP's designation.[2]

7         As to the substance, Defendant's motion largely points to his mental health and the

8   detrimental effects of continued confinement, especially under COVID-related prison

9   restrictions. Dkt. #39 at 9–11; Dkt. #50 at 2–5. Defendant's mental health was unquestionably

10  ravaged by the unjustifiable events he endured. Dkt. #26 (Presentence Investigation Report).

11  And Defendant has been unable to receive much of the restorative programing that would be

12  available in pre-COVID times. Dkt. #39 at 10; Dkt. #50 at 4–5. But this is the unfortunate reality

13  for many of the country's incarcerated. Without intending to diminish Defendant's very real

14  struggles, they do not provide a sufficient basis for the Court to revisit its prior sentence.

15  Probation will support Defendant in seeking much of the treatment he may have been afforded

16  by in-custody programming in more typical times.

17        Defendant also relies upon his general health characteristics as a basis for release in light

18  of COVID's persistence within BOP facilities. Dkt. #39 at 39 at 9–11; Dkt. #50 at 5–6.

19  Defendant does not appear to suffer from acute medical conditions but is at a heightened risk

20  from COVID-19 as he is overweight and Black. Dkt. #39 at 3. The Court does not find these

21  unquantifiable risk factors to be overly extraordinary or compelling. Still further, Defendant's

---

[2] Defendant argues that the detainer led BOP to not consider him for prerelease placement and that the Court could not have considered this circumstance in crafting its sentence. Perhaps, but there is always a possibility that BOP will find a defendant unsuitable for prerelease placement. That possibility does not significantly alter how a court crafts a sentence.

ORDER – 4

concerns over his COVID risks are significantly undercut by his choice to forgo vaccination. Dkt. #50 at 5–6. Defense counsel points to various factors that perhaps excuse Defendant's choice. *See* Dkt. #40 at 2–5; Dkt. #50 at 5–6. Conversely, Plaintiff sets forth the evidence leading to the conclusion that Defendant "elected not to exercise the best available protection against this virus." Dkt. #45 at 9, 8–10. While the choice is Defendant's to make, he chose to credit unsubstantiated rumors and conspiracy theories over, his own, very real risks from COVID exposure. Defendant's prior disregard for his own health risks undercuts any argument that those health risks now present an extraordinary and compelling justification for compassionate release.

Having determined that Defendant does not present extraordinary and compelling reasons justifying compassionate release, the Court does not continue to consider the § 3553(a) factors.

**D. Conclusion**

Accordingly, and having reviewed Defendant's motion, supporting documents, relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release Pursuant to [18] U.S.C. § 3582(c)(1) (Dkt. #39) is DENIED.

DATED this 17th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5